UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 06-CR-0249 (PJS/SRN) |
| Plaintiff, | |
| v. | ORDER |
| (1) JON HENRY SWEENEY and<br>(2) MICHELLE ANN SWEENEY, | |
| Defendants. | |

On May 8, 2008, a jury returned guilty verdicts against defendants Jon Henry Sweeney and Michelle Ann Sweeney on Count One (conspiracy to commit unauthorized interception of cable service), Count Two (unauthorized interception of cable service), and Count Eight (aiding and abetting currency structuring) of the second superseding indictment.  The jury also found Jon Sweeney guilty of Count Nine (currency structuring) and found Michelle Sweeney guilty of Count Fifteen (currency structuring).  *See* Docket Nos. 245, 246.  This matter is before the Court on defendants' motion for a new trial or, in the alternative, for a judgment of acquittal.

With respect to defendants' motion for acquittal, defendants raise the same arguments that they made in support of their pre-verdict motion for acquittal, and the Court denies this motion for the same reasons that it denied defendants' prior motion.  In addition, with respect to the conspiracy count, the Court notes that the jury found that defendants conspired with each other to commit unauthorized interception of cable service.  *See* Docket Nos. 245, 246.  There is ample evidence to support that finding.  As for defendants' argument that the evidence was insufficient to establish that Jon Sweeney also conspired with Robert Kramer, Daniel Quade, and Abraham Paquette, the jury was instructed that a mere buyer-seller relationship, without more, is

not sufficient to establish membership in a conspiracy.  *See* Docket No. 244 at 6.  Given the evidence that the Sweeneys' business, Micro-Star Technology, engaged in multiple transactions with Kramer, Quade, and Paquette — and given the evidence about the nature of those transactions — the evidence was sufficient to support the jury's verdict.  "'Direct evidence of an explicit agreement is not necessary to prove a conspiracy; instead, a tacit understanding among co-conspirators may be, and often will be, inferred from circumstantial evidence.'"  *United States v. Hakim*, 491 F.3d 843, 846 (8th Cir. 2007) (quoting *United States v. Winston*, 456 F.3d 861, 866 (8th Cir. 2006)) (rejecting defendant's argument that he had a mere buyer-seller relationship in light of his participation in multiple drug transactions involving quantities that were clearly not intended for personal use).

With respect to defendants' motion for a new trial, a court may, on motion of a defendant, "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  In considering such a motion, the court "'may weigh the evidence and evaluate the credibility of the witnesses.'"  *United States v. Garcia-Hernandez*, 530 F.3d 657, 663 (8th Cir. 2008) (quoting *United States v. Sturdivant*, 513 F.3d 795, 802 (8th Cir. 2008)).  But "'the authority to grant a new trial should be exercised sparingly and with caution. The jury's verdict must be allowed to stand unless the evidence weighs heavily enough against the verdict such that a miscarriage of justice may have occurred.'"  *Id.* at 633-34 (quoting *Sturdivant*, 513 F.3d at 802).

With these principles in mind, the Court declines to grant defendants' motion for a new trial.  The evidence did not weigh heavily against the verdict; to the contrary, the evidence was overwhelming that defendants willfully manufactured and sold cable descramblers with the

intent that end users engage in the unauthorized interception of cable service. As discussed above, there was also ample evidence from which a jury could find that defendants conspired with each other to commit this crime. Finally, defendants' challenge to their currency-structuring convictions is more in the nature of a legal argument. They contend that, as a matter of law, the single transfers underlying each count cannot constitute structuring. The Court regards this as a difficult issue, but, after thoroughly researching and considering the issue during the trial, the Court ultimately rejected defendants' position. Defendants present no new authority that would cause the Court to change its mind. Defendants' motion for a new trial or, in the alternative, a judgment of acquittal is denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendants' motion for a new trial or, in the alternative, judgment of acquittal [Docket No. 249] is DENIED.

Dated: August 7, 2008

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge